UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TYRAH B. BROWN and KEITH A. BROWN,<br><br>                Plaintiffs,<br><br>    v.<br><br>JOHN VALDEZ and JOHN LONG,<br><br>                Defendants. | Case No. 2:07-cv-00296-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

On April 27, 2012, Plaintiff Keith Brown filed a motion asking the Court to reconsider the Order of May 15, 2011, which denied his earlier motion to reopen the case. (Dkt. 43.) Plaintiff argues that Defendants made false representations to the Court after Plaintiff's Motion to Reopen, and, consequently, the Court denied the motion based upon the misrepresentations. After review of the motions at issues, prior orders, and the pending motion, the Court enters the following Order denying the Motion to Reconsider.

## BACKGROUND

Plaintiffs Keith and Tyrah Brown filed their Complaint on July 6, 2007, while they were being held on homicide charges as pretrial detainees at the Bonner County Jail. (Dkt. 5.) The Complaint alleges that Defendant Valdez, an Idaho law enforcement officer,

**MEMORANDUM DECISION AND ORDER - 1**

ordered the forfeiture of Plaintiffs' property without affording them due process of law, and Defendant Long, a Florida law enforcement officer, seized the property without "probable cause, jurisdiction, due process, or any procedural protections." (Dkt. 5, p.3.) Plaintiffs claim the property was seized based on a warrant issued for theft and probation violation charges that were eventually dismissed. (Dkt. 5, p.4.) Plaintiffs alleged that, although the property was seized in conjunction with those charges, it continued to be held wrongfully for homicide charges that were filed subsequent to the seizures. (*Id*.)

On July 25, 2007, the Court issued its Initial Review Order, noting that Plaintiffs had an ongoing criminal case in state court, and the property seizures in question were valid under that case proceeding. (Dkt. 6, p.3-4.) The Court advised Plaintiffs to pursue their claim in the state court criminal proceeding, and then move to reopen this civil rights case "should they successfully challenge their seizure issues in state court, or should the state court matter terminate without a final resolution of the seizure issue." (Dkt. 6, p.5.)

Plaintiffs moved to reopen the case on August 3, 2007, stating that their case in state court had been terminated, and restating facts previously alleged. (Dkt. 7.) The Court denied the motion, stating that Plaintiffs provided "nothing but their own self-serving statements" and that the civil rights case must remain closed until Plaintiffs can show that the property did not remain seized on the homicide charges. (Dkt. 9.)

On January 2, 2008, via a *Martinez* Report, the Court was informed that the property at issue was not associated with the terminated state court case that Plaintiffs listed in their motion to reopen, but instead with pending criminal charges. (Dkt. 18.)

**MEMORANDUM DECISION AND ORDER - 2**

With this information, the Court issued a docket text order denying the reopening of the case consistent with the ruling in the Initial Review Order. (Dkt. 19.)

Plaintiffs moved to reopen the case again on March 13, 2009. (Dkt. 28.) The Court denied the motion, once again, stating that Plaintiffs have "still not submitted any evidence that they have been acquitted of the criminal charges or that the charges have otherwise been dismissed." (Dkt. 32, p.1.)

Plaintiff Keith Brown then filed another motion to reopen the case on December 6, 2010. (Dkt. 35.) In that motion, he claimed that he had filed a motion in state court for the return of property, but the state court failed to make a ruling on that motion. (Dkt. 35, p.3.) However, Plaintiff provided no evidence of that motion. The Court denied his motion to reopen, stating that his criminal proceedings were still on appeal, he provided no evidence of the motion he claimed to have filed in state court, and he was merely speculating about which property pertained to his case. (Dkt. 38, p.7.) The Court ordered the Bonner County Prosecutor's Office to file an updated *Martinez* Report in order to determine which property was at issue in each case, and who held the property. (Dkt. 38, p.8.)

After reviewing the updated *Martinez* Report, the Court issued an Order denying the motion to reopen and specifically addressing the property and cases at issue. (Dkt. 42.) The Court found that: (1) Mr. Brown voluntarily waived any interest in the cash at issue; (2) law enforcement officers did not act improperly in selling the assets at issue, and Mr. Brown should have filed a claim in the probate proceedings if he had a claim to

**MEMORANDUM DECISION AND ORDER - 3**

that property; (3) Mr. Brown provided no evidence of ownership to any of the property at issue; and (4) Mr. Brown filed a "motion for release of property," but because the criminal matter was currently on appeal, the alleged failure by the state court to rule on a motion in the criminal case should be handled by the state appellate courts. (Dkt. 42.) The Court stated, "[n]o further motions to reopen this case will be entertained by the Court." (Dkt. 42, p.3.)

Plaintiff Keith Brown now brings a motion asking the Court to reconsider its denial of his most recent Motion to Reopen. (Dkt. 43.) In his Motion to Reconsider, Plaintiff argues that he should be relieved from the final order denying his Motion to Reopen Case because: (1) the opposing party misrepresented important facts to the Court; (2) the judgment is void because there was no judicial authorization for the seizure of his property after his arrest; (3) in earlier proceedings, the Court failed to address certain personal property and his Motion to Amend the Complaint; and (4) fraud on the Court was evident. (Dkt. 43.)

## ANALYSIS

1.     **Standard of Law for Rule 60(b) Motions**

The decision to grant relief under Federal Rule of Civil Procedure 60(b) is discretionary. F.R.C.P. 60(b) ("court *may* relieve a party or its legal representative from a final judgment, order, or proceeding." (emphasis added)).

Under Rule 60(b), the moving party is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

**MEMORANDUM DECISION AND ORDER - 4**

discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). Relief under the "catch-all" provision of Rule 60(b)(6) should be granted only in extraordinary circumstances "as an equitable remedy to prevent manifest injustice," *U.S. v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal citation and punctuation omitted).

### 2.     Plaintiff Failed to Show Any Grounds for Relief

The first ground for relief Plaintiff advances is that the Court relied on facts that were misrepresented by the Bonner County Prosecutor's Office. In order to succeed on a motion under Rule 60(b)(3) or 60(d)(3), Plaintiff must show by clear and convincing proof that the final decision was made based upon fraud, misrepresentation, or other misconduct. *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Plaintiff's motion is merely a recitation of the facts and allegations he has stated in prior pleadings and motions. With no additional evidence provided, Plaintiff's statements that the *Martinez* Report misrepresented facts is insufficient. The exhibits attached to the motion are documents that have already been reviewed by the Court, and have been a part of motions that have already been resolved. Plaintiff has presented no facts and no evidence to meet his burden of showing by clear and convincing proof that the Court's decision was made based upon fraudulent and misrepresented information in the *Martinez* Report. Therefore, with no showing of fraud or misrepresentation, relief cannot be

**MEMORANDUM DECISION AND ORDER - 5**

granted on these grounds.

Additionally, Plaintiff argues that the judgment is void because there was no judicial authorization for the seizure of his property. An order is void under Rule 60(b)(4) if the court that issued the decision "lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *U.S. v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Here, Plaintiff is merely alleging that his due process rights were *previously* violated, not that, in *this* action, this Court lacked jurisdiction or violated his due process rights in its rulings. Therefore, no relief can be granted upon these grounds.

Finally, Plaintiff tries to gain relief under Rule 60(b)(6) by arguing that, in earlier proceedings, the Court failed to address certain personal property and his motion to amend his complaint; "in the furtherance of justice," the Court should reconsider. (Dkt. 42, p.11). Relief upon these grounds is very difficult to obtain because Rule 60(b)(6) is reserved for exceptional circumstances, where denial of relief would be unjust. *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Here, Plaintiff fails to show such an exceptional circumstance. The Court stated in its Order denying the Motion to Reopen that, if Plaintiff thought he had a claim to property, he should have filed a claim in probate proceedings. Otherwise, the property was distributed properly. Additionally, the Court clearly addressed his Motion to Amend the Complaint in its Order of March 22, 2011. (Dkt. 38.) These claims do not meet the "exceptional circumstance" standard, and therefore cannot warrant relief from the final order.

**3.     The Court Has Already Ruled on the Motion**

**MEMORANDUM DECISION AND ORDER - 6**

In addition to Plaintiff's failure to support any of his arguments under each subsection of Rule 60(b), the Court has already ruled on this same motion, and said it will not entertain any other motions in this Court. (Dkt. 42, p.3.) Plaintiff asks the Court to reconsider that decision, but presents no new arguments or evidence in his motion. Plaintiff advances the same issues and complaints that are in his prior three motions to reopen the case. The Court has carefully considered the issues presented by Plaintiff, and even required an updated *Martinez* Report in order to make a fair and just decision based on relevant and accurate evidence. (Dkt. 38.) After such considerations, the Court has consistently determined that Plaintiff should pursue his claims in state court, that property was lawfully seized and distributed, and that Plaintiff has not presented sufficient evidence to support his claims. (Dkts. 9, 32, 38, 42.) Though Plaintiff attempts to mask the same arguments as new grounds for relief, the Court has justly issued its decision and stands by its denial of the Motion to Reopen Case.

## CONCLUSION

Because Plaintiff has not satisfied any required showings under Federal Rule 60, and because the Court has made clear that the case cannot be reopened and no other motions are to be entertained, Plaintiff's Motion to Reconsider will be denied.

## ORDER

**IT IS ORDERED** that Plaintiff's Motion to Reconsider (Dkt. 43) is **DENIED**. Nothing further shall be filed in this closed case except a notice of appeal.

**MEMORANDUM DECISION AND ORDER - 7**



DATED: **August 1, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 8**